**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BREATHE DC, on behalf of itself and the general public of the District of Columbia,<br><br><br>                              Plaintiff,<br><br>        v.<br><br>        JUUL LABS, INC.<br><br><br>                              Defendant. | **No. 1:20-cv-00619**<br><br>**Hon. Thomas F. Hogan** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO STAY PROCEEDINGS PENDING MDL TRANSFER**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

ARGUMENT .................................................................................................................... 3

    I.    A Stay Offers No Benefit, Potential or Otherwise, In These Proceedings. ................... 4

        A.    This Court Is Best Equipped to Decide the Remand Motion ..................................... 6

        B.    JUUL's Judicial-Economy Argument Misunderstands the Nature of This Case ... 8

    II.    There Is No Hardship to JUUL if Stay Is Denied. ...................................................... 11

    III.    Plaintiff Breathe DC Would Be Injured by Issuance of a Stay. ............................. 13

CONCLUSION ............................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*Alaska v. Eli Lilly & Co.*, No. 3:06-cv-88, 2006 U.S. Dist. LEXIS 52783 (D. Alaska July 28, 2006) ................................................................................................................................ 6

*Animal Legal Def. Fund v. Hormel*, 249 F. Supp. 3d 53 (D.D.C. 2017) ....................................... 8

*Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, No. CV-05-453, 2005 U.S. Dist. LEXIS 38214 (E.D.N.Y. Dec. 23, 2005) ...................................................................... 12

*Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348 (JPML 2001) ............................................... 5

*Baeza v. Tibbetts*, No. 06-0407, 2006 U.S. Dist. LEXIS 95317 (D.N.M. July 7, 2006) ............... 6

*Baker v. Asbestos Defendants (BP)*, No. C 04-2066, 2004 U.S. Dist. LEXIS 20152 (N.D. Cal. Sept. 27, 2004) ..................................................................................................... 6

*Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670 (W.D. Tex. 2001) .......................... 5

*Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) ......................... 8

*City of New Castle v. Purdue Pharma L.P.*, No. 18-1472, 2018 U.S. Dist. 119113 (E.D. Pa. July 16, 2018) ............................................................................................................... 4

*Clinton v. Jones*, 520 U.S. 681 (1997) ......................................................................................... 4

*Collum v. Astrazeneca Pharms., L.P.*, No. C-06-0662, 2006 U.S. Dist. LEXIS 64861 (N.D. Cal. Aug. 29, 2006) ...................................................................................................... 11, 13

*Colvin v. ConAgra Foods, Inc.*, No. C07-1376, 2007 U.S. Dist. LEXIS 84381 (W.D. Wash. Nov. 5, 2007) ........................................................................................................................ 6

*Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049 (N.D. Cal. 2004) ...................... 6

*DeLaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147 (D. Mass. 2006) .......................... 14

*Dix v. ICT Grp., Inc.*, No. CS-03-0315, 2003 U.S. Dist. LEXIS 21679 (E.D. Wash. Oct. 20, 2003) .......................................................................................................................... 7

*Food & Water Watch, Inc. v. Tyson Foods*, No. 19-cv-2811, 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020) .................................................................................................... 8

*FTC v. Boehringer Ingelheim Pharms., Inc.*, 241 F. Supp. 3d 91 (D.D.C. 2017) ......................... 4

*Guerrero v. Target Corp.*, No. 12-21115, 2012 U.S. Dist. LEXIS 81005 (S.D. Fla. June 7, 2012) ........................................................................................................................ 10, 11

*Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269 (D.D.C. 2016) .............................. 4, 8

*In re Ivy*, 971 F.2d 7 (2d Cir. 1990) ............................................................................................ 4

*In re Wilmer, Cutler & Pickering*, 255 F. Supp. 2d 1 (D.D.C. 2003) ........................................... 8

*Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) ......... 8

*Jackson v. Johnson & Johnson, Inc.* No. 01-2113, 2001 U.S. Dist. LEXIS 22329 (W.D. Tenn. 2001) ............................................................................................................................ 4

*Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 U.S. Dist. LEXIS 8103 (M.D. Fla. Jan. 11, 2010) .......................................................................................................................... 14

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................. 4

*Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001) ..................................................... 5

*Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509 (D. Md. 2002) .............................................. 5

*Moton v. Bayer Corp.*, No. 05-0310, 2005 U.S. Dist. LEXIS 38681 (S.D. Ala. July 8, 2005) ...... 5

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) ................ 8

*Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Haw. 2007) ............................................... 6

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) .................................................. 4

*Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-03, 2012 U.S. Dist. LEXIS 29851 (W.D. Va. Mar. 6, 2012)............................................................................................................................ 4

*Snyder v. Harris*, 394 U.S. 332 (1969). .......................................................................................... 7

*Stephens v. Kaiser Found. Health Plan, Inc.*, 807 F. Supp. 2d 375 (D. Md. 2011) ...................... 5

*Tortola Rests., L.P. v. Kimberly Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997)................. 5, 7

*Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620 (N.D. Iowa 2003) ........... 4

*Vassilatos v. Del Monte Fresh Produce Co.*, No. 04-80450, 2004 U.S. Dist. LEXIS 22123 (S.D. Fla. July 23, 2004) ........................................................................................................ 6

*Waitt v. Merck & Co.*, No. C05-0759L, 2005 U.S. Dist. LEXIS 38748 (W.D. Wash. July 27, 2005) ........................................................................................................................... 5

*Walker v. DePuy Orthopaedics, Inc.*, No. 3:11-cv-02291, 2011 U.S. Dist. LEXIS 119182 (D.S.C. Oct. 12, 2011) .................................................................................................... 14

## Statutes

28 U.S.C. § 1331 ............................................................................................................................. 3

28 U.S.C. § 1332(a) ........................................................................................................................ 3

28 U.S.C. § 1407 ........................................................................................................................... 12

D.C. Code §§ 29-3901 *et seq* ................................................................................................ passim

## Other Authorities

Benjamin W. Larson, *Lexecon, Inc. v. Milberg Weiss Beshad Hynes & Lerach*: Respecting the Plaintiff's Choice of Forum, 74 Notre Dame L. Rev. 1337 (1999) ......................................... 14

Manual for Complex Litig. (4th ed.) § 22.35 (2005) ...................................................................... 8

Mark Hermann, *To MDL or Not to MDL? A Defense Perspective*, Litig., Summer 1998 .......... 14

Stanley J. Levy, *Complex Multidistrict Litigation and the Federal Courts*, 40 Fordham L. Rev. 41 (1971)........................................................................................................................... 14

## Rules

Judicial Panel on Multidistrict Litigation Rule 2.1(d)..................................................................... 5

Judicial Panel on Multidistrict Litigation Rule 6.2 ....................................................................... 12

Super. Ct. Civ. R. 26 ................................................................................................................ 3, 13

Super. Ct. Civ. R. 33 ................................................................................................................ 3, 13

Super. Ct. Civ. R. 34 ................................................................................................................ 3, 13

Plaintiff Breathe DC, a non-profit organization, acting individually and on behalf of the interests of the general public, by and through its undersigned counsel, hereby opposes Defendant JUUL Labs, Inc. ("JUUL")'s Motion to Stay Proceedings Pending MDL Transfer.

## INTRODUCTION

JUUL moves this Court to stay decision on Breathe DC's Motion to Remand—*i.e.*, to defer or possibly release decision on *its own federal jurisdiction*—pending potential transfer to an unrelated MDL in the Northern District of California. JUUL's Memorandum of Points and Authorities in Support of Its Motion to Stay ("Mem.," Doc. #9-1, filed Mar. 9, 2020) is a collection of inapplicable string cites, and ignores the nature of this case: a private-attorney-general action, on behalf of D.C. consumers, under D.C. law, dependent on standing provided through D.C. law, and resting upon a wholly different allegation than those at issue in the federal MDL.

Breathe DC filed this action as a nonprofit public-interest organization, acting on its own behalf and on behalf of the general public of the District of Columbia. (Complaint ("Compl.") ¶ 19, filed Jan. 17, 2020.) Breathe DC alleges just one count, violation of the District of Columbia Consumer Protection Procedures Act ("CPPA," D.C. Code §§ 29-3901 *et seq.*). The central allegation is that JUUL has violated the CPPA by advertising its JUULpods as "3.0% nicotine" and "5.0% nicotine," in a manner that confuses D.C. consumers as to whether the JUULpods are a lower-nicotine alternative to cigarettes. (Compl. ¶¶ 5-11.) Breathe DC's standing to bring this action as a private attorney general derives from D.C. Code § 28-3905(k)(1)(C), (D), and Breathe DC seeks no monetary relief, only a declaration and an injunction. Nothing in Breathe DC's Complaint suggests that federal jurisdiction should vest. Accordingly, Breathe DC has moved to remand the action to D.C. Superior Court, where it was originally filed.

1

With its Motion to Stay, JUUL suggests that this Court should refrain from ruling on its own jurisdiction, and instead of sending this CPPA matter back to the Superior Court, should await decision on a conditional transfer opposed by Breathe DC. As set forth herein, that transfer (which seeks to relate this unusual D.C. case to federal class actions premised on different facts) is unlikely to be granted by the JPML, and even if it were, a stay from this Court would only leave the Northern District of California with the burden of parsing the intricacies of the D.C. CPPA. No such waste of resources is warranted, and the delay created would unduly burden this nonprofit public-interest plaintiff.

## BACKGROUND

On October 2, 2019, the JPML created an MDL for federal "putative class actions and individual personal injury cases" against JUUL (also called JLI) that involve "allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction." Declaration of Kim E. Richman ("Richman Decl.") ¶ 5 (Transfer Order, ECF No. 144).)

Breathe DC filed its Complaint on January 17, 2020 in the Superior Court of the District of Columbia. The Complaint alleges that certain representations by JUUL constitute omissions and/or the use of ambiguity as to material facts that tend to mislead D.C. consumers. (Compl. ¶ 10.) Breathe DC seeks declaratory and injunctive relief on behalf of itself and the general public of the District of Columbia pursuant to the CPPA, which makes it an unlawful trade practice to, among other things, use innuendo or ambiguity as to a material fact which has a tendency to mislead or fail to state a material fact where such failure has a tendency to mislead, "whether or

not any consumer is in fact misled, deceived or damaged thereby." (Compl. ¶¶ 61-71, Prayer for Relief; *see also* D.C. Code § 29-3904.) Breathe DC does not seek money damages, and the declaratory and injunctive relief it seeks as a private attorney general will be limited to the District of Columbia.

On February 11, 2020, pursuant to Rules 26, 33, and 34 of the D.C. Superior Court Rules of Civil Procedure, Breathe DC served upon JUUL written interrogatories and requests for production of documents. (Richman Decl. ¶ 7.) On March 2, 2020, JUUL filed a Notice of Removal, incorrectly citing federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice of Removal ("Notice"), Doc. #1.) The same day—although this is neither a putative class action or an individual personal injury case, and does not involve the allegations enumerated by the JPML—JUUL filed a Notice of Potential Tag-Along Action. The next day, without analysis, the JPML issued conditional transfer, CTO-24. On March 6, four days after removal, Breathe DC filed its Motion to Remand. ("Remand Mot.," Doc. #8.) On March 9, 2020, JUUL filed the instant Motion to Stay Proceedings Pending MDL Transfer. The next day, Breathe DC filed Notice of Opposition to CTO-24. (ECF No. 429.) Breathe DC now opposes JUUL's Motion to Stay. Concurrent with filing this Opposition to Stay, Breathe DC moves before the JPML to vacate CTO-24. (Richman Decl. ¶ 7, ECF No. 448.) Although the Court is holding the motion to remand in abeyance, Breathe DC intends to file its reply in support this Friday, so that the motion may be decided at the Court's earliest convenience following decision on this motion. (*Id*. ¶ 8).

## ARGUMENT

The propriety of granting a stay weighs competing interests and maintains an even balance, taking into consideration three factors: "the benefits of a stay, the hardship to the movant of

denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see also, e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. . . . Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." (citations omitted)). The burden of proving these factors rests upon the party seeking a stay. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 241 F. Supp. 3d 91, 97 (D.D.C. 2017). JUUL has completely failed to meet that burden, and indeed each factor counsels against the issuance of the stay.

## I.     A Stay Offers No Benefit, Potential or Otherwise, In These Proceedings.

"[F]ederal courts have held that a plaintiff's motion for remand must necessarily be heard and decided prior to a defendant's motion to stay." *Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620, 624 (N.D. Iowa 2003) (holding that "jurisdictional issues should be considered first"). Contrary to JUUL's suggestion,[1] the issuance of CTO-24 (or any conditional

---

[1] JUUL attempts to establish a "general rule" that federal courts defer ruling on remand until after the JPML transfers. (Mem. 4-5.) For this proposition, JUUL quotes a string cite within *City of New Castle v. Purdue Pharma L.P.*, No. 18-1472, 2018 U.S. Dist. 119113, at *6 (E.D. Pa. July 16, 2018). *City of New Castle* was itself quoting *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-03, 2012 U.S. Dist. LEXIS 29851, at *8 (W.D. Va. Mar. 6, 2012), which in turn was quoting *Jackson v. Johnson & Johnson, Inc.* No. 01-2113, 2001 U.S. Dist. LEXIS 22329, at *17 (W.D. Tenn. 2001), which in turn attributes the purported "general rule" to *In re Ivy*, 971 F.2d 7 (2d Cir. 1990). Had JUUL followed this chain, it would have discovered that *In re Ivy* in fact neither establishes nor mentions any such "general rule." The relevant holding of *In re Ivy* is that it is ***permissible*** for the JPML to transfer a case even with a jurisdictional objection pending, *see id.* at 9—which is not in dispute here. *In re Ivy* did not address either deferral or a stay; instead, the plaintiffs sought a writ of mandamus from the Second Circuit to direct the MDL court to vacate the transfer order on the grounds of a pending remand motion.

transfer) has no effect on motions or other pretrial proceedings pending in the court currently possessing the action:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

JPML Rule 2.1(d). This Court, as potential transferor, "has the authority to rule on the motion [to remand] before a transfer order has been issued." *Stephens v. Kaiser Found. Health Plan, Inc.*, 807 F. Supp. 2d 375, 381 (D. Md. 2011) (internal alteration omitted) (quoting *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511 (D. Md. 2002); citing *Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (JPML 2001)); *see also, e.g.*, *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) ("Defendants assert that determination of this issue can and would be best handled by the transferee court. The Court disagrees."). Indeed, there is an entire body of law holding that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay or transfer is appropriate.[2]

---

[2] *See, e.g.*, *Waitt v. Merck & Co.*, No. C05-0759L, 2005 U.S. Dist. LEXIS 38748, at *3 (W.D. Wash. July 27, 2005) (quoting *Tortola Rests., L.P. v. Kimberly Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997), for the proposition that "'[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed" and holding "the Court will first address the plaintiff's motion to remand for lack of subject matter jurisdiction and then turn to [defendant's] motion to stay'"); *Moton v. Bayer Corp.*, No. 05-0310, 2005 U.S. Dist. LEXIS 38681, at *5 (S.D. Ala. July 8, 2005) ("Many courts have concluded that motions to remand should always, or usually, be resolved prior to transfer. The Court need not go so far, but it does accept the proposition that '[a] court should first give preliminary scrutiny to the merits of the motion to remand' and that, 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court'." (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (holding that in deciding between MDL transfer and remand, court should give first scrutiny to merits of remand and, if preliminary assessment suggests removal was improper, should promptly complete consideration of remand))); *see also, e.g.*, *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d

### A.      This Court Is Best Equipped to Decide the Remand Motion.

A stay before resolution of a remand motion is appropriate only when the stay would promote "uniformity and efficiency" in litigation that underlies the multi-district litigation system. *Baker v. Asbestos Defendants (BP)*, No. C 04-2066, 2004 U.S. Dist. LEXIS 20152, at *9 (N.D. Cal. Sept. 27, 2004). Even if a stay were to preserve this Court's resources in the short term,[3] the Court would be faced with the same remand motion when transfer is denied; or, if transfer were granted, the requested stay would ***increase*** the burden placed on the MDL, which would necessarily have to familiarize itself with the D.C. Code and this Court's precedent. *Cf. Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) ("Although a stay would allow one court to rule on several pending questions of jurisdiction, it would require that court to apply the laws of separate states and separate circuits to each separate plaintiff's jurisdictional claims."). For that reason, in deciding whether to defer ruling on a motion to remand a case, "the court should give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Baeza v. Tibbetts*, No. 06-0407, 2006 U.S. Dist. LEXIS 95317, at *6 (D.N.M. July 7, 2006). To delay resolution in the face of a clearly improper removal wastes precious judicial resources and protracts litigation. *See Vassilatos v. Del Monte Fresh Produce Co.*, No. 04-80450, 2004 U.S. Dist. LEXIS 22123, at *9 (S.D. Fla. July 23, 2004).

1220, 1227 (D. Haw. 2007); *Colvin v. ConAgra Foods, Inc.*, No. C07-1376, 2007 U.S. Dist. LEXIS 84381, at *10 (W.D. Wash. Nov. 5, 2007); *Alaska v. Eli Lilly & Co.*, No. 3:06-cv-88, 2006 U.S. Dist. LEXIS 52783 at *12 (D. Alaska July 28, 2006).

[3] Breathe DC believes that, given the strength of precedent in this district suggesting that removal was improper, *see, e.g.*, *infra* n.5, determining the remand motion would require less effort than deciding this Motion to Stay.

With its Motion to Stay, JUUL is attempting to bypass this Court's determination of jurisdiction[4]: It filed the Notice of Removal and Notice of Potential Tag-Along Action contemporaneously on March 2, obtained Breathe DC's consent for a stay on its response to the Complaint pending determination on the remand motion, and then unilaterally requested that the remand motion itself be stayed. (Richman Decl. ¶ 9.) But with full authority to rule on the remand motion, this Court should be the venue that does so. Breathe DC has sought remand on the ground that, in assessing the amount-in-controversy requirement for its CPPA injunction claim, the cost of compliance must be divided among District of Columbia consumers as intended beneficiaries (Mot. to Remand, Doc. #8); to assess the requested relief otherwise would violate the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). There is no benefit in waiting to see whether this question—which arises out of relief allowed by the D.C. Code and rests upon precedent originating from this district in private-attorney-general litigation—can be handed off to the Northern District of California, because this is the Court best equipped to make the determination. "Contrary to the Defendants' contention, for purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue." *Dix v. ICT Grp., Inc*., No. CS-03-0315, 2003 U.S. Dist. LEXIS 21679, at *22 (E.D. Wash. Oct. 20, 2003) (citing *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.,* 987 F. Supp. 1186, 1188 (N.D.Cal.1997)). This is especially true where,

---

[4] Somewhat disingenuously, JUUL suggests that Breathe DC will not be prejudiced by a stay because "any stay here is likely to be short." (Mem. 9.) This sidesteps the issue that JUUL is not seeking merely a stay, but is attempting to pass a D.C.-specific remand question to a federal court in California that has no experience with the precedent.

given the vast weight of authority in this district,[5] only a cursory review of the remand motion suffices to see that removal was improper.

### B.   JUUL's Judicial-Economy Argument Misunderstands the Nature of This Case.

Regarding judicial economy, JUUL argues that a stay (1) is appropriate because "a separate proceeding bearing upon the case is pending" in another court (Mem. 4 (quoting *Hulley Enters. Ltd.*, 211 F. Supp. 3d at 276) (discussing circumstances in which it "may be" appropriate for court to exercise discretion); (2) is particularly appropriate when the potential transfer court "believes that a transfer order is likely and when pending motions raise issues likely to be raised in other cases as well" (Mem. 5 (quoting Manual for Complex Litig. (4th) § 22.35 (2004)[6]); and (3) will "avoid burdening this Court with motion practice and pretrial issues in a complex case destined to be sent to an entirely different court . . . where the MDL judge 'is already familiar with this . . . litigation' and is addressing the same issues." (Mem. 6 (quoting *In re Wilmer, Cutler & Pickering*, 255 F. Supp. 2d 1, 3 (D.D.C. 2003) (not addressing any request for stay; holding that, where cases were already before MDL, authority to quash subpoenas relevant in MDL and separate civil suit in New York resided with MDL, not with this District)).) JUUL's entire argument arises from a fallacy that this case can be subsumed within personal-injury claims and putative federal class actions resting on different allegations. JUUL argues:

---

[5] *See, e.g.*, *Food & Water Watch, Inc. v. Tyson Foods*, No. 19-cv-2811, 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020); *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018); *Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018); *Animal Legal Def. Fund v. Hormel*, 249 F. Supp. 3d 53 (D.D.C. 2017); *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017).

[6] The Manual goes on to affirm that ruling on a motion to remand while awaiting a transfer decision is properly within the court's authority: "[A] court may, however, have motions to remand . . . filed before the MDL Panel rules. A court in that position has the authority to grant or deny a motion . . . pending the Panel's decision on transfer." Manual for Complex Litig. (4th ed.) § 22.35 (2005).

> The Complaint in this case asserts nearly identical allegations and claims as the many cases already transferred to the MDL in the Northern District of California, including cases that were removed from state court, transferred to the MDL, and have motions to remand now pending in the MDL. Indeed, the MDL Court is expected to order a consolidated complaint in the MDL, and will address plaintiffs' motions to remand simultaneously.

(Mem. 7.)

As set forth at length in Breathe DC's Memorandum of Law in Support of Motion to Vacate Conditional Transfer Order (CTO-24) ("Mot. to Vacate")—which is being filed today with the JPML in MDL No. 2913, and is included for the Court's convenience in the Declaration of Kim E. Richman (Richman Decl. ¶ 10, Ex. A (Mot. to Vacate)) filed here—this action does *not* fit within MDL No. 2913, does *not* "assert[] nearly identical allegations and claims as the many cases already transferred" (Mem. 7), and will require entirely *different* pretrial procedures. The MDL was created to consolidate federal "putative class actions and individual personal injury cases" against JUUL. (Richman Decl. ¶ 11 (Transfer Order, ECF No. 144).) A private-attorney-general action brought by a public-interest organization under the CPPA requires neither class-certification proceedings nor even causation determinations. *See* D.C. Code § 28-3904 (making deceptive conduct illegal regardless of "whether or not any consumer is in fact misled, deceived, or damaged thereby"); D.C. Code § 28-3905(k)(1) (enumerating procedures for private action). Moreover, because Breathe DC seeks only declarative and injunctive relief, not monetary, its action will not be subject to the kind of bifurcation of damages likely to be requested in the MDL.

As to subject matter, the MDL consolidates cases that involve allegations different from Breathe DC's; namely, it consolidates cases that involve

> allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction.

(Richman Decl. ¶ 12 (Transfer Order, ECF No. 144).) These are complex scientific questions resting upon the manner in which JUULpods deliver nicotine. (*Id.* Ex. A (Mot. to Vacate), at 8.) Breathe DC's CPPA claim is a non-scientific consumer-protection question: whether advertising "3.0% nicotine strength" and "5.0% nicotine strength" on the front of JUULpods fools consumers into believing that the pods are lower-nicotine products, given that JUUL discloses only elsewhere that a single "5.0% nicotine strength" JUULpod delivers as much nicotine than an entire pack of 20 combustible cigarettes. (Compl. ¶¶ 5-11, 28.) The differences between this action and the cases consolidated in the MDL are relevant to this Motion to Stay: "It is unfair to Plaintiff to stay resolution of this case indefinitely when consolidation and transfer to a potential MDL is far from certain." *See Guerrero v. Target Corp.*, No. 12-21115, 2012 U.S. Dist. LEXIS 81005, at *4 (S.D. Fla. June 7, 2012). And the differences must be all the more relevant when the ruling Breathe DC seeks is a determination of whether its case belongs in federal court at all.

JUUL's argument for judicial economy is that the Court should avoid making rulings here that can be made in the MDL. (Mem. 6-7.) But that argument does not weigh in favor of a stay. First, there is no chance of multiple or conflicting rulings on the D.C.-specific motion to remand; either this Court will retain jurisdiction, and the parties will argue the propriety of transfer before the JPML, or this Court will remand and proceedings will continue before the Superior Court. Second, even if this Court were to retain jurisdiction and make pretrial rulings before transfer— which would be unlikely under JUUL's assertion that a decision on transfer would be immediately forthcoming (Mem. 9, 11)—there is no chance that the MDL court's determinations would bear on this action, given its fundamental procedural and substantive differences from the cases in the MDL.

## II.     There Is No Hardship to JUUL if Stay Is Denied.

JUUL argues that failure to stay these proceedings will risk inconsistent rulings. (Mem. 7-9.) But the law underlying Breathe DC's action is the CPPA, including its enumeration of specifically prohibited conduct (D.C. Code § 28-3904), its standing and procedural provisions for public-interest organizations serving as private attorneys general (D.C. Code §§ 28-3901(a)(14)-(15), 3905(k)(1)(C)-(D)), and the relief it allows (D.C. Code § 28-3905(k)(2)). The facts underlying Breathe DC's action are whether prominently labeling JUULpods as 3.0% or 5.0% "nicotine strength," and disclosing only elsewhere that a "5.0% nicotine strength" JUULpod contains as much nicotine as an entire pack of combustible cigarettes, tends to mislead District of Columbia consumers. (*E.g.*, Compl. ¶¶ 5-11, 28.) Because neither the CPPA nor these facts are at issue in the cases already transferred to the MDL, JUUL is not at risk of inconsistent rulings if this Court proceeds and transfer eventually is granted. This is especially true given the infancy of this case, wherein JUUL has yet to file a responsive pleading. *See Guerrero*, 2012 U.S. Dist. LEXIS 81005, at **3-4 (noting no hardship to defendant, who "must respond to the complaint regardless of whether the case is ultimately transferred to an MDL"); *Collum v. Astrazeneca Pharms., L.P.*, No. C-06-0662, 2006 U.S. Dist. LEXIS 64861, at *5 (N.D. Cal. Aug. 29, 2006) (finding no inequity to defendant where realistically only motion to dismiss would be proceeding absent stay, which motion itself sought to stop case from proceeding).[7]

---

[7] *See also, e.g.*, *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 U.S. Dist. LEXIS 8103, at *9 (M.D. Fla. Jan. 11, 2010) ("Even if this case is consolidated within 60 to 90 days, the Moving Defendants would suffer little prejudice if the action is not stayed because this case has just begun to develop."); *Am. Sales Co. v. Warner Chilcott Pub. Ltd.*, No. 13-347, 2013 U.S. Dist. LEXIS 110436, at **4-5 (D.R.I. Aug. 6, 2013) ("Moreover, Defendants' request for a stay is not, at the present time, justified by any possibility of prejudice. Several district courts have denied similar motions where, as here, the defendants had not yet filed any responsive pleading or begun discovery." (collecting cases)); *In re Pradaxa Prod. Liab. Actions*, No. 3:12-cv-00610, 2012 U.S. Dist. LEXIS 85067, at *10 (S.D. Ill. June 20, 2012) ("Additionally, at this point, the risk of harm from inconsistent rulings is minimal. These cases are in the early stages of

In claiming that failure to stay risks inconsistent rulings, JUUL is also arguing a paradox. If indeed this case is to be remanded because, as Breathe DC argues, the Court lacks federal jurisdiction, then the case is not eligible for transfer in the JPML, and no inconsistent rulings can arise. *See* 28 U.S.C. § 1407; JPML Rule 6.2. On the other hand, JUUL itself argues that "any stay here is likely to be short" (Mem. 9) and that it "does not seek an indeterminate suspension of the litigation" (*id.* 11) because it will be only "a brief period until the JPML determines whether to transfer" (*id.*). Therefore, should this Court determine that this case belongs in federal court, the likely next ruling received, according to JUUL, would be a decision on the CTO-24, the conditional transfer. This negates JUUL's purported concern that "'any decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be re-litigated'." (Mem. 9 (quoting *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, No. CV-05-453, 2005 U.S. Dist. LEXIS 38214, at *2 (E.D.N.Y. Dec. 23, 2005))[8].) Nothing will need to be relitigated under any foreseeable scenario that JUUL proposes. And indeed, if JUUL were actually more concerned with inconsistent rulings—as opposed to an opportunity to wrangle remand of this case into a California court unfamiliar with D.C. law—then JUUL could move this Court to issue a stay awaiting the transfer ruling ***after*** the Court decides to assume federal jurisdiction, should it do so.

---

discovery. Staying these actions will not alter BIPI's burden with respect to discovery. Instead, a stay would simply delay discovery's commencement.").

[8] In the *Animal Science Products* case, the defendants were granted a stay after (1) the ***plaintiffs*** claimed that they would coordinate discovery with plaintiffs in other, similar cases that were to be consolidated, even though the defendants had not yet been served in some of those cases; (2) there was dispute over whether pending cases would be consolidated in the Eastern District of New York, or the Northern District of California; and (3) the MDL Panel had set a date to hear defendants' argument on consolidation, which would affect the cases with which plaintiffs proposed discovery coordination. *Animal Sci. Prods.*, 2005 U.S. Dist. LEXIS 38214, at **2-3.

**III.    Plaintiff Breathe DC Would Be Injured by Issuance of a Stay.**

Any stay will result in two forms of injury to Breathe D.C.

First, Breathe DC's action, which seeks injunctive relief of ongoing harm and ***not*** monetary relief, will be delayed. Breathe DC moved quickly on its action in Superior Court, filing discovery requests before receipt of a responsive pleading (Richman Decl. ¶ 13), as permitted by D.C. Superior Court Rules of Civil Procedure 26, 33, and 34. If the transfer order is not granted, the parties will have wasted time needlessly when this Court could have ruled immediately on the motion to remand and allowed the action to get underway, either here or in Superior Court. If the transfer ***is*** granted, Breathe DC will have to wait even longer for a decision on remand; even under a best-case scenario envisioned by JUUL, Breathe DC, which moved promptly for remand four days after removal, would be forced to await the filing of some nationwide consolidated MDL complaint ordered by the California court, followed by briefing on remand issues having no bearing on its case but being heard simultaneously. (Mem. 7 ("Indeed, the MDL Court is expected to order a consolidated complaint in the MDL, and will address plaintiffs' motions to remand simultaneously.").)

Second, if this Court were to defer ruling on a justified remand, Breathe DC—a local, nonprofit public-interest organization requesting no monetary benefit through this action (Compl. ¶¶ 69-70, Prayer)—would be forced to incur the expense of (1) opposing MDL transfer when its action may not belong in federal court at all, and potentially (2) traveling to the Northern District of California solely to argue for the return of its action to D.C. Superior Court. *See, e.g.*, *Collum*, 2006 U.S. Dist. LEXIS 64861, at *6 ("The Court has difficulty imagining a greater waste of not only judicial resources, but also party resources and even natural resources used to fly the parties, their representatives, and their materials across the country for this purpose."); *Walker v. DePuy Orthopaedics, Inc.*, No. 3:11-cv-02291, 2011 U.S. Dist. LEXIS 119182, at *7 (D.S.C. Oct. 12,

2011) (granting remand and denying stay where "Plaintiff argues that if the case is stayed, then the Plaintiff will be forced to shoulder the delays and additional costs if counsel is required to argue the motion to remand in Ohio").

JUUL argues that Breathe DC will not be prejudiced by a stay because it would be of short duration and the California court intends to move the MDL in an efficient manner. (Mem. 9-11.) That misses the point completely. Breathe DC is a District of Columbia public-interest organization that filed in D.C. Superior Court in order to represent the general public of the District of Columbia. (Compl. ¶¶ 16, 19, 67-69.) JUUL has improperly removed, and now improperly sought transfer, and otherwise delayed in any manner possible[9]—all the while allowing its conduct to continue to harm District consumers. Each day that Breathe D.C. is precluded access to the D.C. Superior Court to protect District consumers devalues its action. The possibility that a California court intends to move a tangled, complex MDL of class actions and personal-injury claims "'forward in a speedy, collaborative, and efficient manner'" (Mem. 10 (quoting MDL Initial Status Conference Agenda))[10] does nothing to assist Breathe DC's goal of ending deceptive conduct aimed at District consumers as swiftly as possible. *See Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 U.S. Dist. LEXIS 8103, at *8 (M.D. Fla. Jan. 11, 2010) ("The Moving Defendants,

---

[9] "MDL proceedings are described as a 'delaying tactic used by defendants' which 'consume a great deal of time'." *DeLaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147, 155 (D. Mass. 2006) (quoting Benjamin W. Larson, *Lexecon, Inc. v. Milberg Weiss Beshad Hynes & Lerach*: Respecting the Plaintiff's Choice of Forum, 74 Notre Dame L. Rev. 1337, 1364 (1999), and citing Mark Hermann, *To MDL or Not to MDL? A Defense Perspective*, Litig., Summer 1998, at 43, 46, and Stanley J. Levy, *Complex Multidistrict Litigation and the Federal Courts*, 40 Fordham L. Rev. 41, 50 (1971)).

[10] JUUL itself recognizes, repeatedly, that the MDL is a massive, complex litigation (*e.g.*, Mem. 6-7)—in contrast to a single CPPA claim brought by Breathe DC and requiring no scientific or causation testimony (*see, e.g.*, Compl. ¶¶ 5-8, 28 (alleging that JUUL itself acknowledges the nicotine content of the JUULpods that it seeks to hide from consumers); D.C. Code § 28-3904 (making such conduct illegal regardless of "whether or not any consumer is in fact misled, deceived, or damaged thereby")).

14

however, offer no evidence that the MDL Motion will be resolved in their favor or that a decision will be rendered in the next 60-90 days. The Moving Defendants' speculation as to the resolution of the MDL Motion does not support staying this case.").

## CONCLUSION

For all the foregoing reasons, Plaintiff Breathe DC requests that the Court deny Defendant JUUL Labs, Inc.'s Motion to Stay Proceedings Pending MDL Transfer and proceed to determination on Breathe DC's Motion to Remand.

Dated: March 23, 2020                     Respectfully submitted,

**RICHMAN LAW GROUP**

Kim E. Richman (D.C. Bar No. 1022978)
Randal K. Wilhite (*pro hac vice* forthcoming)
8 W. 126th Street
New York, NY 11207
T: (718) 705-4579 | F: (718) 228-8522
krichman@richmanlawgroup.com
rwilhite@richmanlawgroup.com

**ACTION ON SMOKING & HEALTH**

Chris A. Bostic (D.C. Bar No. 480251)
Kelsey Romeo-Stuppy (*pro hac vice* forthcoming)
1250 Connecticut Ave, NW, 7th Fl.
Washington, DC 20036
T: (202) 659-4310
bosticc@ash.org
romeo-stuppyk@ash.org

*Attorneys for Plaintiff*