IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREATHE DC, on behalf of itself and the general public of the District of Columbia,<br><br>Plaintiff,<br><br>v.<br><br>JUUL LABS, INC.<br><br>Defendant. | No. 1:20-cv-00619<br><br>Hon. Thomas F. Hogan |

**DECLARATION OF KIM E. RICHMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING MDL TRANSFER**

I, Kim E. Richman, make this declaration pursuant to 28 U.S.C. § 1746:

1. The matters stated herein are based on my personal knowledge, except as otherwise noted. If called upon, I would competently testify to them.

2. I am over 18 years of age, and the matters stated herein are based on my personal knowledge, except as otherwise noted. If called upon, I would competently testify to them.

3. I am the founding and managing Member of Richman Law Group, a law firm that specializes is class action litigation on behalf of consumers in federal and state courts throughout the United States.

4. I respectfully submit this declaration in support of Plaintiffs' Opposition to Defendant's Motion to Stay Proceedings in the above-captioned action

5. On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL for federal "putative class actions and individual personal injury cases" against Defendant JUUL (also called JLI) that involve "allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and

unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction."

6. On February 11, 2020, Plaintiff Breathe DC served upon Defendant JUUL written interrogatories and requests for production of documents.

7. Concurrent with filing this Opposition to Stay, Plaintiff Breathe DC moves before the JPML to vacate CTO-24.

8. Plaintiff Breathe DC intends to file its reply in support of the Motion to Remand this Friday, March 27, 2020, so that the motion may be decided at the Court's earliest convenience following decision on this motion.

9. Defendant JUUL filed Its Notice of Removal and Notice of Potential Tag-Along Action contemporaneously on March 2, obtained Plaintiff Breathe DC's consent for a stay on its response to the Complaint pending determination on the remand motion, and then unilaterally requested that the remand motion itself be stayed.

10. Exhibit A is a true and correct copy of Plaintiff Breathe DC's Memorandum of Law in Support of Plaintiff's Motion to Vacate (ECF No. 448), which will be filed today.

11. The MDL was created to consolidate federal "putative class actions and individual personal injury cases" against Defendant JUUL.

12. The MDL consolidates cases that involve "allegations that JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction."

13. Breathe DC moved quickly on its action in Superior Court, filing discovery requests before receipt of a responsive pleading, as permitted by D.C. Superior Court Rules of Civil Procedure 26, 33, and 34.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of March 2020 in New York, New York.

**RICHMAN LAW GROUP**
*/s/ Kim E. Richman*
Kim E. Richman
