UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREATHE DC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUUL LABS, INC.,<br><br>　　　　　　　Defendant. | No. 1:20-cv-00619<br><br>Chief Judge James E. Boasberg |

## JOINT STATUS REPORT

Plaintiff Breathe DC ("Plaintiff") and Defendant Juul Labs, Inc. ("Defendant") (collectively, the "Parties") respectfully submit the following Joint Status Report.

On January 17, 2020, Plaintiff, a nonprofit organization acting individually and on behalf of the interests of the general public of the District of Columbia, filed a claim in D.C. Superior Court, alleging one count: a violation of the CPPA by Defendant. On March 2, 2020, Defendant removed the action to this Court and filed a notice of a potential tag-along action with the United States Judicial Panel on Multidistrict Litigation ("JPML"). (ECF Nos. 1, 2.)

On March 6, 2020, Plaintiff moved for remand on the basis of lack of federal jurisdiction under established D.C. precedent. (ECF No. 8.) Defendant opposed on March 20, 2020 (ECF No. 11) and Plaintiff filed a reply on March 27, 2020 (ECF No. 13).

On June 2, 2020, the JPML transferred this case to the U.S. District Court for the Northern District of California. (ECF Nos. 16, 18.) On June 23, 2023, this case was returned to this Court. (ECF No. 19.)

1

The plaintiffs' claims in the MDL largely center on allegations that Defendant, *inter alia*, engaged in unfair, deceptive, and otherwise improper sales and marketing practices that are violative of certain state and federal consumer protection laws. Claims in the MDL were made by individuals; class representatives; government entities including counties, cities, and school districts; and tribal entities. These claims have largely been settled through a number of separate master settlement agreements.

On November 26, 2019, the Attorney General for the District of Columbia ("DCAG") filed a Complaint against Defendant in the Superior Court of the District of Columbia styled *District of Columbia v. Juul Labs, Inc.*, Case No. 2019 CA 007795 B. On April 12, 2023, the DCAG and Defendant filed a Consent Judgment whereby the DCAG litigation was resolved. On April 18, 2023, the Honorable Todd E. Edelman entered the parties' Consent Judgment. Defendant maintains that Plaintiff's allegations in the subject action were addressed and resolved by the DCAG in its litigation with Defendant and through entry of the Consent Judgment. Plaintiff maintains that the DCAG Consent Judgement does not cover the conduct of which Breathe DC complains.

Plaintiff's Motion to Remand (ECF No. 8) from three years ago is still pending.

The Parties agree that a decision on remand should be rendered before moving forward with the case. Plaintiff maintains that there is no basis for federal jurisdiction. *Id*. Defendant maintains federal jurisdiction is proper in this matter for the reasons stated in its opposition to Plaintiff's Motion to Remand (ECF No. 11.)

Date: June 30, 2023                                   Respectfully submitted,

                                                      */s/ Kim E. Richman*
                                                      Kim E. Richman
                                                      (DC Bar No. 1022978)
                                                      **Richman Law & Policy**
                                                      1 Bridge St., Suite 83
                                                      Irvington, NY 10533

T: (914) 693-2018
krichman@richmanlawpolicy.com

*Attorney for Plaintiff*

*/s/ Aron U. Raskas*
Aron U. Raskas (DC Bar No. 422939)
**Gunster, Yoakley & Stewart, P.A.**
600 Brickell Ave., Suite 3500
Miami, FL 33131
T: (305) 376-6009
araskas@gunster.com

*Attorney for Defendant*