**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BREATHE DC,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 20-619 (JEB)** |
| **JUUL LABS, INC.,** | |
| **Defendant.** | |

<u>**MEMORANDUM OPINION**</u>

In January 2020, Plaintiff Breathe DC sued Defendant JUUL Labs, Inc. in District of
Columbia Superior Court.  Breathe DC alleged that Juul had violated the District of Columbia
Consumer Protection Procedures Act by advertising its electronic-cigarette cartridges in a
misleading way.  Asserting federal-question and diversity jurisdiction, Defendant removed the
lawsuit to federal court.  Plaintiff moved to remand.  That Motion sat in limbo as this case spent
some time as part of a Multi-District Litigation.  With the matter back here, the Court agrees
with Breathe DC that neither federal-question nor diversity jurisdiction applies, and it will thus
grant the Motion.

**I.      Background**

Taking the facts alleged in the Complaint as true, the Court begins with the claims of
Breathe DC, a 501(c)(3) nonprofit organization that "works to promote clean air and healthy
breathing throughout the District."  ECF No. 1-1 (Compl.), ¶ 16.  Its Complaint alleges that Juul
has engaged in deceptive marketing practices by labeling its electronic-cigarette cartridges,
called JUULpods, as either "5.0% nicotine strength" or "3.0% nicotine strength."  <u>Id.</u>, ¶¶ 5–11,
64–65.  Such marketing, Plaintiff contends, tends to mislead consumers into believing that

JUULpods contain relatively low concentrations of nicotine — while in fact a single "5.0% nicotine strength" pod delivers as much or more nicotine as a pack of 20 combustible cigarettes would.  Id.

Breathe DC accordingly brought this action in D.C. Superior Court "on behalf of itself and the general public" under the D.C. CPPA's private-attorney-general provision, D.C. Code § 28-3905(k).  See Compl., ¶ 11; see also id., ¶¶ 19, 67–71; Earth Island Inst. v. BlueTriton Brands, 583 F. Supp. 3d 105, 107 (D.D.C. 2022) (discussing provision).  Plaintiff seeks declaratory and injunctive relief.  See Compl. at 15 (Prayer for Relief).

Although the Complaint does not assert a federal cause of action, on March 2, 2020, Juul nonetheless filed a Notice of Removal from Superior Court, asserting federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332(a).  See ECF No. 1 (Notice of Removal), ¶¶ 8–15 (federal question), 16–25 (diversity).  Breathe DC then moved to remand and for attorney fees, arguing that this Court clearly lacked jurisdiction.  See ECF No. 8 (Mot.).  In June of that year, however, the Judicial Panel on Multidistrict Litigation directed that this case be transferred to the U.S. District Court for the Northern District of California for coordinated proceedings; it did not rule on Breathe DC's jurisdictional objections.  See ECF No. 16 (Transfer Order) at 2–3.

Like the prodigal son, however, this case eventually returned.  On June 23, 2023, it was transferred back to this district after other cases in the MDL settled.  See ECF Nos. 19 (Conditional Remand Order) at 1, 3; 24 (June 30, 2023, Joint Status Report) at 1–2.  Upon its return, the parties reiterated their positions regarding remand and asked the Court to decide Breathe DC's pre-transfer remand Motion.  See June 30 JSR at 2.  The Court does so here.

## II.     Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The issue of federal subject-matter jurisdiction "goes to the foundation of the court's power to resolve a case." Doe ex rel. Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (citing Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)).

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed." Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 413 (D.C. Cir. 2014). A defendant may, however, remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is thus appropriate when the case raises a cognizable question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or when the case involves citizens of different states and the amount in controversy exceeds $75,000. Id. § 1332(a). "The removing party bears the burden of showing that removal is proper." Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d 40, 43 (D.D.C. 2020). "If the removing party fails to make such a showing, the court must remand the case." Id. (citing Animal Legal Def. Fund v. Hormel Foods Corp., 249 F. Supp. 3d 53, 56 (D.D.C. 2017)); see Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.").

## III.    Analysis

Breathe DC contends that the Court must remand the case because it cannot exercise either federal-question or diversity jurisdiction over this action. See Mot. at 3–8 (federal-

question), 8–11 (diversity).  Plaintiff also seeks to recover attorney fees associated with this Motion.  Id. at 11–12.  The Court considers each issue in turn.

A.  Federal-Question Jurisdiction

Defendant first seeks to justify removal by invoking federal-question jurisdiction under 28 U.S.C. § 1331.  This statute grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Importantly, however, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" — a principle known as the well-pled-complaint rule.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Merely having a federal defense is not a basis for federal jurisdiction.  Id. at 392–93.

Here, no federal issue appears on the face of Plaintiff's Complaint: Breathe DC does not assert a federal cause of action, nor does its lawsuit otherwise rely on federal law in any way. Not to worry, insists Juul; it asserts that two exceptions to the well-pled-complaint rule exist here.

1.  *Substantial Question of Federal Law*

First, Defendant points to a doctrine under which cases brought under state law may be heard in federal court if they necessarily raise substantial questions of federal law.  See ECF No. 11 (Opp.) at 7–10.  In Gunn v. Minton, 568 U.S. 251 (2013), the Supreme Court explained that "even where a claim finds its origins in state rather than federal law," there exists "a 'special and small category' of cases in which arising under jurisdiction still lies."  Id. at 258.  This category comprises cases where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Id. (citing Grable & Sons Metal Prod., Inc. v. Darue Eng'g &

Mfg., 545 U.S. 308, 313–14 (2005)).  Under <u>Gunn</u>'s first prong, however, a federal issue that may be raised in defending against a claim is not "necessarily raised."  <u>Organic Consumers Ass'n v. Gen. Mills, Inc.</u>, 235 F. Supp. 3d 226, 230 (D.D.C. 2017); <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003) ("[A] defense that relies on . . . the pre-emptive effect of a federal statute will not provide a basis for removal."); <u>see also</u> <u>Clean Label Project Found. v. NOW Health Grp., Inc.</u>, No. 21-11, 2021 WL 2809106, at *7 (D.D.C. July 6, 2021).

Juul rejoins that this first prong is satisfied here because "[p]laintiff's case necessarily turns on factual determinations that would require the Court to wade into" the federal Tobacco Control Act and "make determinations about federal law and [Juul's] compliance with federal law."  Opp. at 8.  The Court disagrees.  While the FDA does set certain standards relating to marketing electronic-cigarette products, <u>see</u> Opp. at 3–7, the issue of whether Juul complies with these standards is not "necessarily raised" by Breathe DC's CPPA claim.  Plaintiff alleges that Juul violated the CPPA not because its products fail to comply with any FDA labeling standards, but rather because Juul misleadingly suggests its products contain less nicotine than they do.  <u>Id.</u>  The only respect in which FDA regulations are set to make an appearance in this litigation is as a potential defense.  But "a 'federal defense, including the defense of preemption,' does not suffice to create federal question jurisdiction."  <u>Gen. Mills</u>, 235 F. Supp. 3d at 230 (quoting <u>Caterpillar</u>, 482 U.S. at 392); <u>Beneficial Nat'l Bank</u>, 539 U.S. at 6, 10.

Numerous courts in our district have reasoned similarly about challenges under the CPPA.  <u>See, e.g.</u>, <u>Clean Label Project Found.</u>, 2021 WL 2809106, at *8 (noting that "nearly every CPPA claim for which removal to federal court has been challenged has been remanded to D.C. Superior Court"); <u>Organic Consumers Ass'n v. R.C. Bigelow, Inc.</u>, 314 F. Supp. 3d 344, 355–57 (D.D.C. 2018) (holding federal-preemption defense not necessarily raised by CPPA);

Animal Legal Def. Fund, 249 F. Supp. 3d at 58 (same); Gen. Mills, 235 F. Supp. 3d at 230–31 (same).  Indeed, a federal district court recently concluded that the Tobacco Control Act did not preempt a state-law unfair-and-deceptive-trade-practices claim because that claim did not necessarily raise a federal question.  See North Carolina *ex rel.* Stein v. Eonsmoke, LLC, 423 F. Supp. 3d 162, 168 (M.D.N.C. 2019).  Juul has thus not shown that the action can be removed as presenting a substantial federal question on this basis.

> 2.  *Complete Preemption*

Defendant also suggests that the doctrine of complete preemption applies here, thus giving rise to federal-question jurisdiction.  Juul offered this argument in its Notice of Removal but appears to drop it in its Opposition to Breathe DC's Motion to Remand.  See Notice of Removal, ¶¶ 13–14; see also ECF No. 13 (Reply) at 4–5 (noting that Juul's Opposition "does not attempt to argue that the [Act] provides complete preemption").  This argument goes nowhere in any event.

Complete preemption exists when a federal provision has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (internal quotation marks omitted).  "In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court."  14B Charles Alan Wright et al., Federal Practice and Procedure § 3722.2, at 418–19 (4th ed. 2009); accord Castro v. Molecular Sys. Inc., 963 F. Supp. 2d 3, 5 (D.D.C. 2013).  The Supreme Court has found complete preemption in respect to only three federal statutes: § 301 of the Labor Management

Relations Act, § 502(a) of ERISA, and §§ 85–86 of the National Bank Act.  See <u>Beneficial Nat'l</u> <u>Bank</u>, 539 U.S. at 6–11.

Nothing in Defendant's filings suggests that the Tobacco Control Act should join their ranks.  Defendant has pointed to no indications that the Act has such "unusually powerful pre-emptive force."  <u>Beneficial Nat'l Bank</u>, 539 U.S. at 7 (formatting modified).  Indeed, a federal district court recently concluded otherwise about precisely this statutory scheme — a case Defendant fails to address.  See <u>Eonsmoke</u>, 423 F. Supp. 3d at 168–69 (emphasizing that Act "specifically preserves a state role in regulating tobacco products and in enforcement," citing 21 U.S.C. § 387(p)(a)(1)).

All told, removal based on federal-question jurisdiction cannot stand.

B.  <u>Diversity Jurisdiction</u>

Juul fares no better with its contention that the Court may exercise diversity jurisdiction. As referenced above, under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Here, the parties agree that there is complete diversity between them.  See Notice of Removal, ¶¶ 17–19; Opp. at 11.  The lone jurisdictional issue for the Court to decide is whether the amount in controversy is met.

Breathe DC argues that, even assuming that Juul's total cost of complying with the sought-after injunctive relief would exceed $75,000, the amount-in-controversy requirement would still not be satisfied because under the non-aggregation principle that cost must be apportioned among all consumers in this city on behalf of whom Plaintiff brings this challenge. The Court agrees.

The non-aggregation principle provides that "separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Snyder v. Harris, 394 U.S. 332, 335 (1969); see also Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973). "Although the D.C. Circuit has not spoken to the application of the non-aggregation principle to [CPPA] suits such as this one, courts in this district routinely apply this rule when considering the amount in controversy in cases that seek injunctive relief" by organizations on behalf of D.C. consumers under D.C. Code § 28-3905(k)(1), the provision Plaintiff invokes here. See Inst. for Truth in Mktg. v. Total Health Network Corp., 321 F. Supp. 3d 76, 91 (D.D.C. 2018). Indeed, "[c]ourts in this district have consistently held that defendants removing DCCPPA actions 'cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy' requirement of § 1332(a)." Toxin Free USA, 507 F. Supp. 3d at 45–46 (quoting Organic Consumers Ass'n, 314 F. Supp. 3d at 350). Rather, a chorus of courts has consistently held over the past dozen years that "the cost of the injunction must be divided pro rata among District of Columbia consumers." Id. at 46 (quoting Food & Water Watch, Inc. v. Tyson Foods, Inc., No. 19-2811, 2020 WL 1065553, at *5 (D.D.C. Mar. 5, 2020)); see also, e.g., Pesticides v. Exxon Mobil Corp., No. 20-1815, 2021 WL 1092167, at *2 (D.D.C. Mar. 22, 2021); Hackman v. One Brands, LLC, No. 18-2101, 2019 WL 1440202, at *5 (D.D.C. Apr. 1, 2019); Inst. for Truth in Mktg., 321 F. Supp. 3d at 91; Animal Legal Def. Fund, 249 F. Supp. 3d at 59–60; Breathe DC v. Santa Fe Nat. Tobacco Co., 232 F. Supp. 3d 163, 170–71 (D.D.C. 2017); Organic Consumers Ass'n v. Handsome Brook Farm Grp. 2, LLC, 222 F. Supp. 3d 74, 78 (D.D.C. 2016); Witte v. Gen. Nutrition Corp., 104 F. Supp. 3d 1, 6 (D.D.C. 2015); Breakman v. AOL LLC, 545 F. Supp. 2d 96, 103–05 (D.D.C. 2008). Just last year, this Court joined their

ranks and held that the non-aggregation principle applies to CPPA actions.  Earth Island Inst. v.
BlueTriton Brands, 583 F. Supp. 3d 105, 110 (D.D.C. 2022).

Standing by its prior holding, and persuaded by the thoughtful opinions penned by its
numerous colleagues who have tackled this issue, the Court again "concludes that the appropriate
measure of the requested injunctive relief is not the amount that [Defendant] must spend to
comply with the injunction, but that amount divided by the number of members of the public on
whose behalf Plaintiff brings the action."  Inst. for Truth in Mktg., 321 F. Supp. 3d at 91; Earth
Island Inst., 583 F. Supp. 3d at 110.  Applying that rubric, Juul in its Opposition does not even
try to demonstrate that its cost of complying with Breathe DC's requested injunctive relief would
exceed $75,000 per D.C. consumer.  See Opp. at 11–16; Reply at 15 (noting Juul does not argue
that it could prevail with costs so apportioned).  Because "[t]he removing party bears the burden
of showing that removal is proper," Juul's failure to provide evidence justifying such
astronomical compliance costs is enough for the Court to conclude that Defendant has "not
demonstrated 'that the cost of the injunction divided pro rata among the members of the general
public of Washington, D.C. would exceed the jurisdictional threshold.'"  Toxin Free USA, 507
F. Supp. 3d at 43, 46 (quoting Animal Legal Def. Fund, 249 F. Supp. 3d at 60–61).

The Court therefore concludes that it does not have subject-matter jurisdiction over this
matter and accordingly must remand it to Superior Court.

C.  Attorney Fees

Finally, the Court turns to Breathe DC's request to recoup its fees and costs associated
with this remand.  Under 28 U.S.C. § 1447(c), a court remanding a case after removal "may
require payment of just costs and any actual expenses, including attorney fees, incurred as a
result of the removal."  The Supreme Court has held that "the standard for awarding fees should

turn on the reasonableness of the removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. Courts in this district have further explained that "[a] basis for removal is objectively reasonable when it 'has at least some logical and precedential force.'" Organic Consumers Ass'n, Inc., 314 F. Supp. 3d at 358 (quoting Knop v. Mackall, 645 F.3d 381, 383 (D.C. Cir. 2011) (internal quotation marks and citation omitted)).

The Court concludes that Plaintiff is not entitled to recover its fees and costs. Although Defendant's position flies in the face of numerous opinions of courts in this district, this Court and others have concluded that such jurisdictional arguments in CPPA suits are not "objectively unreasonable because there is 'no clear, controlling case law from the D.C. Circuit.'" Earth Island Inst., 583 F. Supp. 3d at 112; accord Toxin Free USA, 507 F. Supp. 3d at 47 (quoting Breakman, 545 F. Supp. 2d at 108); see also Breathe DC, 232 F. Supp. 3d at 172 ("Given the lack of controlling precedent in this Circuit . . . and notwithstanding the thrust of the opinions of the district courts in this Circuit, defendants did not lack an 'objectively reasonable basis for removal.'"); Food & Water Watch, Inc., 2020 WL 1065553, at *5 ("Here, though the decisions of the district courts in this jurisdiction overwhelmingly favored Plaintiffs' position," given the lack of "recent, controlling authority from the D.C. Circuit[,] . . . the court cannot say that Defendant lacked an objectively reasonable and good-faith basis for attempting removal."). The Court sees no reason to depart from its prior conclusion here.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand and deny its request for fees and costs. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  July 13, 2023